IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHAMMAD SOHAIL SALEEM, | : | Civil No. 3:21-cv-861 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| LAUREL HARRY, SUPERINTENDENT SCI-CAMP HILL, et al., | : | |
| Respondents | : | |

FILED
SCRANTON
NOV 1 4 2022
PER _____ DEPUTY CLERK

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by Petitioner Mohammad Sohail Saleem ("Saleem"). At the time the petition was filed, Saleem was in the custody of the Pennsylvania Department of Corrections. Saleem is currently being held at the Moshannon Valley Processing Center, an Immigration and Customs Enforcement ("ICE") building located in Philipsburg, Pennsylvania. *See* ICE Online Detainee Locator System, available at: https://locator.ice.gov/odls/homePage.do (last accessed Nov. 10, 2022). For the reasons set forth below, the Court will dismiss the habeas petition as moot.

**I.    Discussion**

In 2014, Saleem was charged with various sexually related offenses in the Court of Common Pleas of Lebanon County. *See Commonwealth v. Saleem*, CP-38-CR-0001112-2014, CP-38-CR-0000565-2014 (Lebanon County Ct. Com. Pl.). On April 21, 2015, Saleem

pled guilty to indecent assault and harassment involving two victims who were employees of a small business owned by Saleem. *Commonwealth v. Saleem*, 2017 WL 1223851, *1 (Pa. Super. 2017). Saleem was subsequently found to be a sexually violent predator. *Id.* On June 3, 2015, a sentencing hearing was held. *Id.* At sentencing, following a discussion regarding possible deportation proceedings, the trial court sentenced Saleem to an aggregate prison term of twenty-one (21) months to ten (10) years.[1] *Id.*

On February 7, 2022, the Pennsylvania Parole Board granted Saleem parole. (Doc. 20-4). The Parole Board paroled Saleem to his ICE detainer. (*Id.* at p. 2).

In his present habeas petition, Saleem sets forth two grounds for relief: (1) the Commonwealth kidnapped Saleem by filing a false writ of habeas corpus ad prosequendum; and (2) because the Commonwealth took temporary custody of Saleem pursuant to a writ of habeas corpus ad prosequendum, primary jurisdiction remains with federal authorities. (Doc. 1, pp. 6-7). Saleem seeks release from state custody. (*Id.* at p. 8). Respondents argue that the petition must be dismissed as moot because Saleem is no longer being held on his state criminal matters. (Doc. 20). The petition is ripe for disposition.

---

[1] Throughout his state court proceedings, Saleem argued that his guilty plea was predicated upon a promise that he would be immediately deported to Pakistan.

2

II.  **Discussion**

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings [and for jurisdiction to exist the] parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990)). Thus, once a prisoner is released from custody, a habeas challenge to some aspect of his confinement will become moot absent a redressable, continuing, and concrete injury which persists after his release. *Id.*; *see also Burkey*, 556 F.3d at 146-50.

In the present case, Saleem sought release from the custody of the Pennsylvania Department Corrections. On February 7, 2022, the Pennsylvania Parole Board granted Saleem parole and paroled him to his ICE detainer. As Saleem has received the relief he sought and was released from state custody, he no longer has a concrete, redressable injury. This Court therefore lacks an opportunity to provide Saleem with any meaningful relief in this habeas matter, and his challenge is moot. *See Spencer*, 523 U.S. 1 (dismissing habeas petition as moot where petitioner challenged the failure to be released on parole and was subsequently released on parole); *see also Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of

adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

## III. Conclusion

For the reasons set forth above, the Court will dismiss the habeas petition as moot. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: November 14, 2022